CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GEORGE O. HAGEMAN (CABN 332457)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5044
    George.Hageman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DESHUN AUGMAN a/k/a DESHUN AUGMON<br><br>    Defendant. | **CASE NO. 3:23-CR-00128-JSC**<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Court: Hon. Jacqueline S. Corley<br>Hearing Date: July 30, 2025<br>Hearing Time: 10:00 AM |

## I. INTRODUCTION

Deshun Augman was charged by Indictment with one count of Felon in Possession of a Firearm and Ammunition. He is expected to plead guilty and be sentenced in a single federal court proceeding on July 30, 2025. Based on the factors set forth in 18 U.S.C. § 3553(a) and considering the 26 months that he has already spent in custody, the government submits that a sentence of time served is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II. PROCEDURAL HISTORY

On May 2, 2023, Augman was charged in the Indictment with one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). Dkt. 1 (Indictment). Augman made his initial appearance and was arraigned in federal court on May 26, 2023, but was then returned to state custody where he has remained for approximately 26 months. Dkt. 8 (minute entry from arraignment). On July 10, 2025, Augman pleaded guilty to his state attempted murder charge with great bodily injury enhancements and is expected to receive a state sentence of 10 years on or about August 15, 2025. *See People v. Augman*, Case No. CRI-22007915 (San Francisco Super. Ct.). On July 30, 2025, Augman is expected to plead guilty to one count of Felon in Possession of a Firearm and Ammunition in federal court. *See* Dkts. 35 (order setting change of plea and sentencing), 37 (writ of habeas corpus ad prosequendum). The parties' plea agreement was sent to the Courtroom Deputy on July 22 in advance of the hearing and it will be referenced throughout this sentencing memo (though the plea has not yet been entered).

## III. OFFENSE CONDUCT

On July 11, 2022, Augman attempted to shoplift a few hundred dollars' worth of items from a Lowe's home improvement store in Bayview, San Francisco, in the Northern District of California, by stuffing items into his backpack and down the front of his pants. After he was confronted by a loss prevention officer and an SFPD officer, he appeared to return all the items. However, when the two officers asked to see inside the backpack that he was carrying, Augman refused. The two officers explained again that he would be free to go after they checked inside the backpack, but Augman still refused. Augman then turned away and appeared to pull something from the backpack and place it in his jacket. The loss prevention officer states she saw the handle of a gun and announced it to the SFPD

officer, who then grabbed Augman's arm to try to control him. Augman pulled away. In the scuffle, Augman was able to escape out of the store but left his backpack behind.

Inside the backpack was a black Smith & Wesson 3904 semi-automatic pistol bearing serial number TET5380 and eight rounds of 9mm ammunition (two Sellier & Bellot, one Federal Cartridge, three Norma, and two CBC Global). The SFPD Criminalistics Lab tested the handgun grip, magazine, and cartridge. There were 4 contributors on the grip, with 73% attributed to Augman and a likelihood ratio of 22.8 sextillion (very strong support). There were 3 contributors on the magazine, with 47% attributed to Augman and a likelihood ratio of 25,900 (strong support). There were no results from the cartridge.

Augman agrees that he knowingly possessed the firearm and ammunition up until the moment he fled the store and left his backpack behind. Both the firearm and the ammunition, including components thereof, were shipped or transported from one state to another. He agrees that at the time he possessed the firearm and ammunition on July 11, 2022, he had been convicted of a crime punishable by imprisonment for a term exceeding a year (for example, a March 2020 conviction for felony burglary), and that he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding a year.

Five days later in a separate incident on July 16, 2022, Augman shot two men in the Mid-Market neighborhood of San Francisco. Augman fired 6-7 shots at the first man sitting in a parked car and then 5 shots at the second man standing on the sidewalk nearby. Both victims survived. On July 10, 2025, Augman pleaded guilty in San Francisco Superior Court to attempted murder with great bodily injury enhancements. The expected sentence is 10 years.

## IV.   SENTENCING GUIDELINES CALCULATION

The parties agree to a total offense level of 12 after considering acceptance of responsibility. The parties also agree that Augman is in criminal history category VI. Together, his advisory guidelines range is 30-37 months. The maximum sentence for Count One is 15 years' imprisonment.

## V.   APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the

purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence to afford adequate deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Also, the Court may sentence without a presentence investigation report if it "finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553" and "explains its finding on the record." Fed. R. Crim. Proc. 32(c)(1)(A)(ii); *see also* Fed. R. Crim. P. 32(b)(1), U.S.S.G. §6A1.1, Crim. Local Rule 32-1(b). The government respectfully submits that the record here—the plea agreement and the parties' sentencing memoranda, all detailing the defendant's offense conduct and other factors relevant under § 3553—enable the Court to meaningfully exercise its sentencing authority under § 3553 and proceed to sentencing without the need for a presentence investigation report. The parties request that the Court explain its findings and the sufficiency of the record at time of sentence. *See* Dkt. 35 (order setting change of plea and sentencing).

## VI.   RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a)—and in particular the seriousness of the offense, need for deterrence, and need to protect the public—the Government respectfully recommends a sentence of time served with no supervised release

UNITED STATES' SENTENCING MEMORANDUM   3
3:23-CR-00128-JSC

to follow, to be served concurrently with Augman's state attempted murder sentence.

    *a. History and characteristics of the defendant*

Augman has a long criminal history. As an adult, he has been convicted of solicitation of a lewd act (2005); battery by gassing a peace officer (2005); felon in possession of a firearm (2010); disorderly conduct under the influence of drugs (2011); failure to register as a sex offender (2012, 2013, 2016, 2017); parole violations (2014); resisting arrest (2017; burglary (2018, 2019, 2020). He has numerous other arrests not resulting in conviction. Augman also recently pleaded guilty to a state attempted murder charge for an incident that happened only five days after the instant offense. His criminal record indicates that there is a strong need for a custodial sentence to prevent him from continuing to commit crimes.

    b. *Seriousness of the offense*

Possessing a firearm and ammunition as a felon is a serious offense. *See generally United States v. Duarte*, 137 F.4th 743, 761 (9th Cir. 2025) ("Congress obviously determined that firearms must be kept away from persons, such as those convicted of serious crimes, who might be expected to misuse them") (internal citations and quotations omitted)); *United States v. Hunt*, 123 F.4th 697, 708 (4th Cir. 2024), cert. denied, No. 24-6818, 2025 U.S. LEXIS 2146 (U.S. June 2, 2025) ("because felons, by definition, have demonstrated disrespect for legal norms of society, the legislature has determined that the category as a whole presents an unacceptable risk of danger if armed" (internal citations and quotations omitted)). The fact that he used a different firearm—not the one that was seized by law enforcement during the shoplifting incident at Lowe's—only five days later to commit attempted murder makes the reasons for the prohibition crystal-clear. That said, there is no evidence that Augman used this firearm in the instant offense to facilitate shoplifting or any other crime—the gun stayed in his backpack and was only revealed to law enforcement when he left it behind.

    *c. Just punishment in light of his time in state custody*

Augman has been in state custody for approximately 26 months while his state attempted murder case has been pending. He recently pleaded guilty to on July 10, 2025, and is expected to receive a state sentence of 10 years. Under normal circumstances, a defendant is unable to get federal credit for time spent in state custody. *See* 18 U.S.C. § 3585(b) (defendants receive credit for time served prior to

UNITED STATES' SENTENCING MEMORANDUM   4
3:23-CR-00128-JSC

sentencing as a result of any other charge for which the defendant was arrested after the commission of the instant offense "that has not been credited against another sentence"); *Schleining v. Thomas*, 642 F.3d 1242, 1247 (9th Cir. 2011) (holding that a defendant who was charged with felon in possession of a firearm cannot get credits for his previous state sentence to reduce his federal sentence).

Here, however, the government respectfully recommends a federal sentence of time served, concurrent to his state attempted murder sentence. The government agrees that a sentence of time served is appropriate because Augman has been in state custody for a total of approximately 26 months. This means that Augman has served more than 85% of the low end of the anticipated guidelines range (30-37 months) in custody (albeit state custody). *See generally* 18 U.S.C. § 3624(b) (describing a ~15% credit for satisfactory behavior while in custody). After he returns to state custody, he will continue serving the remainder of a much lengthier 10-year sentence on his more serious state attempted murder charge for a shooting that happened in the same week in July 2022. Together, the circumstances are such that his total expected time in custody accomplishes the goals of 18 U.S.C. § 3553(a).

**VII.    CONCLUSION**

In light of Augman's 26 months in state custody (representing more than 85% of the low end of the anticipated guidelines range of 30-37 months) and his much lengthier sentence for his state attempted murder charge to follow, the government submits that this sentence of time served is sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a)

DATED: July 22, 2025                                     Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ George O. Hageman*
GEORGE O. HAGEMAN
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM    5
3:23-CR-00128-JSC